IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DETRICHET A. SMITH | : |
| | : |
|   Plaintiff, | : |
| | : |
| v. | : |
| | : Civil Action No. 3:21-cv-00197 |
| AMERICAN HEALTH ASSOCIATES, INC.; | : |
| EVOLUTION HEALTCARE; CIGNA; | : |
| AMERICOLLECT, INC.; | : |
| NATIONWIDE CREDIT CORPORATION; | : |
| MCV ASSOCIATED PHYSICIANS; | : |
| UNITED CONSUMERS, INC.; and | : |
| EMPORIA CREDIT SERVICE, INC. | : |
| | : |
|   Defendants. | : |

## COMPLAINT

COMES NOW the Plaintiff, DETRICHET SMITH ("Plaintiff" or "Mr. Smith"), by counsel, and alleges:

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. § 1001, et seq., and is brought to obtain relief under Section 502(a) of ERISA, 29 U.S.C. § 1132(a) and 502(g) of ERISA, 29 U.S.C § 1132(g).

2. This action also arises under the common law of Virginia regarding fraud and is brought to obtain relief in the form of compensatory and punitive damages.

1

3. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

4. Venue with respect to this action lies with the Eastern District of Virginia pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. The Cigna PPO plan (the "Plan") at issue in this case is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and is, therefore, subject to coverage of the Act pursuant to Section 4(a) of ERISA, 29 U.S.C. §1003(a).

## FACTS

1. Mr. Smith was hired by Defendant American Healthcare Association ("AHA") as a full-time employee with a start date of April 17, 2019.

2. AHA's Employee Handbook (the "Contract") constitutes the employment contract between Mr. Smith and AHA.

3. The Contract (Exhibit 1) states, in relevant part, "AHA provides benefits to eligible employees, usually after 60 days of employment if hired as a regular full-time (RFT) employee…Employees must apply for benefits within 30 days from the time they are first eligible or during the designated open enrollment period…Employees who are unsure of their eligibility status should contact their supervisor for clarification." (Contract, Page 11).

4. In addition to the Contract, AHA provides its employees and did provide to Plaintiff an additional "Employee Benefit Packet Acknowledgement of Receipt" (Exhibit 2) ("Acknowledgement") which states, in relevant part, "I

must enroll on-line within 30 days of my eligibility date. My eligibility date is the 1st of the month following 60 days after my hire date."

5. According to the Acknowledgement, Mr. Smith became eligible for benefits on July 1, 2019 because 60 days after his hire date was June 17, 2019 and July 1, 2019 was the first day of the month following June 17, 2019. Mr. Smith, therefore, had until July 31, 2019, 30 days after his eligibility date of July 1, 2019, to enroll on-line for health insurance benefits.

6. In accordance with the Contract and Acknowledgement, and under the guidance of his supervisor, Deena Gibson, Mr. Smith timely enrolled on-line for health insurance benefits through AHA's broker Evolution and through the health insurance company Cigna (the "Plan") prior to July 31, 2019. He was given a health insurance card and was assured his health insurance benefits under the Plan would begin on August 1, 2019.

7. Mr. Smith even received pre-authorization from Cigna for a procedure that was to be performed on August 5, 2019.

8. On July 31, 2019, however, Mr. Smith learned that there was a problem with his enrollment. He learned later from Evolution that his on-line enrollment was denied because AHA had entered him in the enrollment system as a part-time employee. He was told that AHA's Human Resources Department would fix the issue.

9. AHA's Human Resources Department, however, has never fixed the issue, although Mr. Smith has pleaded with his supervisor, Ms. Gibson, and the Human Resources Department Manager, Stephanie Brauns, to correct the

problem. Although it has been acknowledged that this was and remains an error on the part of the Human Resources Department, Ms. Brauns has refused on multiple occasions to accept responsibility for the error, offering at least 3 explanations, all unfounded, for why Mr. Smith was not eligible for coverage under the Plan until September 1, 2019.

10. Mr. Smith has now received, and continues to receive, bills for medical expenses incurred in connection with the procedure he received on August 5, 2019 (the "Medical Bills").

11. Many of the Medical Bills have now entered collections and their delinquency has led to reporting to the credit reporting agencies, including, but not limited to, Experian, damaging Mr. Smith's credit.

12. If not for AHA's error, Mr. Smith would have been covered by the Plan for these expenses and would not be suffering the anxiety and economic effects these large and delinquent bills have produced and continue to produce. Neither would he have had to spend countless hours and energy trying to have his benefits rightfully restored.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter an Order:

A. Declaring that Plaintiff was entitled to benefits under the Plan on August 5, 2019;

B. Enforcing Plaintiff's rights under the Plan or in the alternative;

C. Ordering AHA to pay all the outstanding Medical Bills;

D. Ordering the debt collectors who have reported the outstanding Medical Bills to credit reporting agencies to remove them or otherwise clear the delinquencies with all credit reporting agencies;

E. Ordering Plaintiffs' attorneys' fees to be paid by any or all defendants, as the Court deems fit and proper;

F. Ordering AHA to pay punitive damages to Plaintiff for its fraudulent actions; and

G. Ordering any other appropriate equitable relief as is appropriate and just.

**DETRICHET A. SMITH**

By: _____
Of Counsel

Beth A. Norton, Esquire (VSB #87664)
Norton Health Law, P.C.
525 Meade Avenue
Charlottesville, Virginia 22902
Telephone: (434) 978-3100
Email: bnorton@nortonhealthlaw.com
*Counsel for Petitioner*

CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2021, a true and accurate copy of this pleading was emailed then mailed, first class, postage prepaid to:

Secretary of Labor
200 Constitution Ave NW
C-2318
Washington, DC 20210

Corporation Service Company, registered agent for:
American Health Associates
100 Shockoe Slip
Fl 2
Richmond, Virginia 23219-4100

Eliot Wagonheim, Esq., registered agent for:
Evolution Healthcare
4 North Park Dr.
Suite 411
Hunt Valley, MD 21030

CT Corporation, registered agent for:
Cigna
4701 Cox Rd.
Ste 285
Glen Allen, Virginia 23060-6808

Kenlyn T. Gretz, registered agent for:
AmeriCollect, Inc.
1851 S Alverno Rd
Manitowoc, Wisconsin 54220-9208

Philip E. Rosenthal, registered agent for:
Nationwide Credit Corporation
5503 Cherokee Ave.
Alexandria, Virginia 22312-2307

Paul Craig Neimeyer, registered agent for:
MCV Associated Physicians
1010 East Marshall St.
P.O. Box 980240
Richmond, Virginia 23298-0000

Benjamin A. Burrell, registered agent for:
United Consumers, Inc.
14205 Telegraph Rd
2nd Fl.
Woodbridge, Virginia 22192-0000

John L. Walston, registered agent for:
Emporia Credit Service, Inc.
a.k.a. J.L. Walston and Associates
326 S. Main St.
Emporia, Virginia 23847-0000

_____